United States District Court
District of Massachusetts

```
─────────────────────────
                            )
David Tracey et al.,        )
                            )
        Plaintiffs,         )
                            )
        v.                  )      Civil Action No.
                            )      16-11620-NMG
Massachusetts Institute of  )
Technology et al.,          )
                            )
        Defendants.         )
─────────────────────────
```

**MEMORANDUM & ORDER**

**GORTON, J.**

Plaintiffs are five employees of Massachusetts Institute of Technology ("MIT") who are participants in the MIT Supplemental 401(k) Plan ("the Plan"). They bring a variety of claims under the Employee Retirement Income Security Act of 1974 ("ERISA") arising out of MIT's allegedly improper relationship with Fidelity Investments ("Fidelity"), the recordkeeper and primary investment provider of the Plan.

Plaintiffs allege breaches of the ERISA duties of loyalty and prudence arising out of the Plan's inclusion of retail class options instead of institutional class options in the funds provided by Fidelity. In addition, plaintiffs allege that Fidelity was paid excessive compensation for its recordkeeping

services and that MIT never engaged in a competitive bidding
process for those services. According to plaintiffs, the Plan
was an illicit kickback scheme whereby Fidelity received
inflated fees at the expense of the Plan's participants in
exchange for making donations to the MIT endowment.

Defendants filed a motion to dismiss for failure to state a
claim upon which relief can be granted. On August 31, 2017,
Magistrate Judge Marianne B. Bowler entered a Report and
Recommendation ("R&R") to dismiss, in part, Counts I, II, and IV
of the complaint. Both parties filed timely objections to the
R&R.

## I.    **Legal Standard**

When a district court refers a dispositive motion to a
magistrate judge for recommended disposition, it must

> determine de novo any part of the magistrate judge's
> disposition that has been properly objected to.

Fed. R. Civ. P. 72(b)(3).

In the present case that includes all four counts alleged by
the plaintiffs.

To survive a motion to dismiss, a complaint must contain
sufficient factual matter, accepted as true, to "state a claim
to relief that is plausible on its face." Bell Atl. Corp. v.
Twombly, 550 U.S. 544, 570 (2007). In considering the merits of

a motion to dismiss, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. <u>Langadinos</u> v. <u>Am. Airlines, Inc.</u>, 199 F.3d 68, 69 (1st Cir. 2000).  Yet "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," do not suffice to state a cause of action. <u>Ashcroft</u> v. <u>Iqbal</u>, 556 U.S. 662, 678 (2009). Accordingly, a complaint does not state a claim for relief where the well-pled facts fail to warrant an inference of anything more than the mere possibility of misconduct. <u>Id.</u> at 679.

## II. Analysis

### A. Count I – Breach of fiduciary duties under 29 U.S.C. §1104(a)(1)(A) & (B) arising from unreasonable investment management fees

Magistrate Judge Bowler recommended dismissal of the duty of loyalty claim under §1104(a)(1)(B) in Count I but not the duty of prudence claim under §1104(a)(1)(A) in the same count. The Court will accept and adopt that recommendation.

Plaintiffs allege that defendants selected and retained Plan investment options with excessive investment management fees instead of identical, lower-cost share classes of the same funds.  Defendants respond that they did not breach their duties because the Plan included a wide array of options with different levels of expense.

ERISA establishes a duty of loyalty, requiring that a
fiduciary

> discharge his duties with respect to a plan solely in the
> interest of the participants and beneficiaries and for the
> exclusive purpose of: providing benefits to participants
> and their beneficiaries; and defraying reasonable expenses
> of administering the plan.

29 U.S.C. § 1104(a)(1)(A).

ERISA also establishes a duty of prudence, requiring that a
fiduciary act

> with the care, skill, prudence, and diligence under the
> circumstances then prevailing that a prudent man acting in
> a like capacity and familiar with such matters would use in
> the conduct of an enterprise of a like character and with
> like aims.

29 U.S.C. § 1104(a)(1)(B).

Magistrate Judge Bowler found that the conduct regarding
the excessive management fees did not plausibly state a claim of
violation of the duty of loyalty because plaintiffs' theory was
speculative.  This Court will accept and adopt that conclusion.
Plaintiffs rely on untenable claims such as that Abigail
Johnson, CEO of Fidelity, sits on MIT's Board of Trustees.
Plaintiffs do not allege that Ms. Johnson was involved with the
Plan, however, and she was not on the Board when Fidelity was
selected as the investment provider.

Defendants contend that MIT's 2015 investment plan
reconfiguration, which eliminated hundreds of options and

retained only one Fidelity option out of 37, demonstrates that
the duty of loyalty was not breached.  That argument, although
accepted by the magistrate judge, is discounted because
ameliorative measures taken after disloyal actions do not
absolve defendants of their breach.  Cf. Tussey v. ABB, Inc.,
850 F.3d 951, 957 (8th Cir. 2017) (concluding that although the
fiduciaries "did not always favor Fidelity as much as they
could, or seize every opportunity to send Fidelity more of the
participants' money" such conduct does not satisfy one's
fiduciary duties).

Nevertheless, this Court will accept and adopt the
recommendation to dismiss the loyalty claim in Count I as
speculative.

Magistrate Judge Bowler found that the allegations with
respect to the excessive management fees plausibly state a claim
for breach of the duty of prudence.  This Court will accept and
that conclusion.

Reading the amended complaint in plaintiffs' favor, they
plausibly allege that defendants failed to obtain identical
lower-cost investment options.  Defendants dispute that those
options were "identical" but, at this stage, plaintiffs'
allegations state a claim.  If defendants did, in fact, include
higher fee options when identical lower fee options were
available, they failed to act with the "care, skill and

-5-

prudence" required by ERISA.  The Court will accept and adopt
the magistrate judge's recommendation that the prudence claim in
Count I may proceed.

**B.** **Count II – Breach of fiduciary duties under 29**
**U.S.C. §1104(a)(1)(A) & (B) arising from**
**unreasonable administrative fees**

Magistrate Judge Bowler recommended dismissal of the duty
of loyalty claim under §1104(a)(1)(B) in Count II but not the
duty of prudence claim under §1104(a)(1)(A) in the same count.
The Court will accept and adopt that recommendation.

Plaintiffs allege that defendants overpaid Fidelity for its
recordkeeping services due to its failure to solicit bids from
other recordkeepers, breaching their fiduciary duties of
prudence and loyalty.  Defendants respond that ERISA does not
require fiduciaries to seek competitive bids and that
plaintiffs' loyalty claim is mere speculation.

Magistrate Judge Bowler treated the duty of loyalty claim
contained in Counts I and II as a single claim, which she
recommended dismissing.  The Court agrees with her analysis.

Plaintiffs do not allege any facts that more plausibly
demonstrate a breach of loyalty arising from the administrative
fees than from the investment fees.  Their allegations do not
rise above speculation.

Magistrate Judge Bowler recommended that the duty of prudence claim arising from the administrative fees be allowed to proceed and the Court agrees.  Defendants' response that ERISA does not require a fiduciary to solicit competitive bids is unpersuasive.  As part of the "prudent man standard" one would expect a fiduciary to obtain bids at some point during the extensive period of managing the fund, considering that the fees amount to millions of dollars per year.  Furthermore, defendants' suggestion that they did not act imprudently because they could have paid Fidelity even more than they did does not disprove that they overpaid in the first place.

The plaintiffs have plausibly stated a claim for breach of the duty of prudence arising from administrative fees.

C. **Count III — Prohibited transactions between the plan and party in interest under 29 U.S.C. §1106(a) arising from unreasonable administrative and investment fees**

Magistrate Judge Bowler recommended denying defendants' motion to dismiss plaintiffs' claim for a prohibited transaction involving "assets of the plan" under §1106(a)(1)(D).  She recommended dismissing the §1106(a)(1)(C) claim arising from mutual funds in the Plan but allowing the claim as to non-mutual fund options to proceed.  The Court will reject the former recommendation but accept and adopt the latter.

Plaintiffs, building off their duty of loyalty claims in Counts I and II, allege that Fidelity is a "party in interest", which defendants intended to, and did, benefit through unreasonable investment and administrative fees.  Defendants reiterate that the allegations of breach of loyalty are speculate and that mutual funds are excluded from the statutory protections of the "party in interest" provision.

Section 1106(a)(1)(D) defines certain prohibited transactions involving ERISA retirement plan assets. Fiduciaries may not effect any transaction that constitutes a "transfer to, or use by or for the benefit of a party in interest, of any assets of the plan."  A claim under § 1106(a)(1)(D) requires that plaintiff demonstrate that the fiduciary subjectively intended to benefit a party in interest.  See Jordan v. Mich. Conference of Teamsters Welfare Fund, 207 F.3d 854, 860-61 (6th Cir. 2000).  The magistrate judge concluded that plaintiffs plausibly alleged subjective intent because Fidelity and its CEO contributed millions of dollars to MIT.  The Court will reject that recommendation.

The conclusion reached in the R&R is incompatible with the recommendation to dismiss the duty of loyalty claims in Counts I and II.  Plaintiffs do not plausibly allege that the "kickback scheme" was more than a coincidence or innocuous activity.  To the extent that the claims of breach of the duty of loyalty in

Counts I and II are implausible, so too is the subjective intent element of the prohibited transaction claim.

Section 1106(a)(1)(C) prohibits a "direct or indirect ... furnishing of goods, services, or facilities between the plan and a party in interest." 29 U.S.C. § 1106(a)(1)(C). See Brotherston v. Putnam Investments, LLC, 2017 WL 1196648, at *6 (D. Mass. Mar. 30, 2017). Magistrate Judge Bowler correctly relied on 29 U.S.C. § 1002(21)(B), which exempts mutual funds from liability under the subject section. Accordingly, she recommended 1) dismissal of the § 1106(a)(1)(C) claims arising from the Plan's investments in Fidelity mutual funds but 2) denial of defendants' motion to dismiss claims arising from the Plan's non-mutual fund options. The Court will accept and adopt that recommendation.

On the other hand, the Court will accept, in part, and reject, in part, the R&R with respect to Count III. The Court will accept the magistrate judge's analysis of § 1106(a)(1)(C) and dismiss claims arising from mutual funds but will deny defendants' motion to dismiss claims arising from non-mutual fund options. The Court will reject the recommendation that the § 1106(a)(1)(D) claim be allowed to proceed and instead will dismiss the entire § 1106(a)(1)(D) claim.

### D. **Count IV – Failure to monitor fiduciaries**

Magistrate Judge Bowler recommends allowing plaintiffs'
claims for failure to monitor to continue insofar as they derive
from plaintiffs' other claims.  The Court will accept and adopt
that conclusion.  Because the Court will dismiss the plaintiffs'
§ 1106(a)(1)(D) claim (in contrast to the R&R), however, the
Court will also dismiss any claim for failure to monitor arising
under § 1106(a)(1)(D).

Magistrate Judge Bowler correctly observes that,
ordinarily, a duty to monitor other fiduciaries is derivative of
plaintiffs' other claims. See Slaymon v. SLM Corp., 506 F.
App'x. 61, 2012 WL 6684564, at *3 (2d Cir. Dec. 26, 2012)
(unpublished).  To the extent that plaintiffs have plausibly
alleged that defendants breached their fiduciary duties
directly, plaintiffs have also plausibly alleged that defendants
have breached their duty to monitor.

The Court will accept and adopt the magistrate judge's
recommendation that Count IV may proceed insofar as the
underlying claims for breaches have been allowed to proceed.
However, the Court will reject the R&R with respect to the duty-
to-monitor claim under § 1106(a)(1)(D) which will be dismissed.

**ORDER**

For the foregoing reasons,

    1) plaintiffs' objections to the Report and Recommendation ("R&R") (Docket No. 74) are **OVERRULED;**

    2) defendants' objections to the R&R that

        a) plaintiffs' claim in Count III pursuant to § 1106(a)(1)(D) should be dismissed and

        b) plaintiffs' duty-to-monitor claim in Count IV pursuant to § 1106(a)(1)(D) should be dismissed

    are **SUSTAINED;** and

    3) the R&R (Docket No. 70) is otherwise accepted and adopted.


**So ordered.**

                        /s/ Nathaniel M. Gorton
                        Nathaniel M. Gorton
                        United States District Judge

Dated October 4, 2017