UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DAVID B. TRACEY, DANIEL
GUENTHER, MARIA T. NICHOLSON, and
CORRINNE R. FOGG, Individually and as
Representatives of a Class of
Participants and Beneficiaries
on behalf of the MIT Supplemental
401(k) Plan,
    Plaintiffs,

v.

CIVIL ACTION NO.
16-11620-NMG

MASSACHUSETTS INSTITUTE OF
TECHNOLOGY, THE MIT SUPPLEMENTAL
401(K) PLAN OVERSIGHT COMMITTEE,
THE ADMINISTRATIVE COMMITTEE,
ISRAEL RUIZ, ALISON ALDEN, MARC BERSTEIN,
LAWRENCE CANDELL, GLENN DAVID ELLISON,
MICHAEL HOWARD, MARTIN KELLY, S.P. KOTHARI,
ROBERT C. MERTON, GUNTHER ROLAND,
LORRRAINE A. GOFFE-RUSH, GLEN SHOR,
PAMELA WELDON, THOMAS M. WIEAND,
and BARTON ZWIEBACH,
    Defendants.

**MEMORANDUM AND ORDER RE:**
**DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' DEMAND FOR A JURY TRIAL**
**(DOCKET ENTRY # 138)**

**February 28, 2019**

**BOWLER, U.S.M.J.**

Pending before this court is a motion to strike a demand for a jury trial filed by defendants Massachusetts Institute of Technology ("MIT"), the MIT Supplemental 401(k) Plan Oversight Committee, the Administrative Committee, Israel Ruiz, Alison Alden, Marc Berstein, Lawrence Candell, Glenn David Ellison,

Michael Howard, Martin Kelly, S.P. Kothari, Robert C. Merton, Gunther Roland, Lorraine A. Goffe-Rush, Glen Shor, Pamela Weldon, Thomas M. Wieand, and Barton Zwiebach (collectively "defendants") under Fed. R. Civ. P. 39(a)(2) ("Rule 39(a)(2)"). (Docket Entry # 138). Plaintiffs David B. Tracey, Daniel Guenther, Maria T. Nicolson, and Corrianne R. Fogg, individually and as representatives of a class of participants and beneficiaries ("plaintiffs") on behalf of the MIT Supplemental 401(k) Plan ("the Plan"), oppose the motion. (Docket Entry # 142).

## BACKGROUND

Plaintiffs filed this action on behalf of the Plan alleging "breach of fiduciary duties and prohibited transactions" under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1101-1461. (Docket Entry # 98, pp. 1-2, ¶ 1). Plaintiffs seek "to enforce [d]efendants' personal liability under 29 U.S.C. § 1109(a) to make good to the Plan all losses resulting from each breach of fiduciary duty and to restore to the Plan any profits made through [d]efendants' use of [the] Plan assets." (Docket Entry # 98, p. 3, ¶ 4). Plaintiffs allege that "[i]nstead of leveraging the Plan's bargaining power to benefit participants, [d]efendants allowed a conflicted third party to dictate Plan decisions . . .." (Docket Entry # 98, p. 2, ¶ 3). Thus, defendants purportedly permitted MIT donor

2

Fidelity Investments, "the Plan's recordkeeper and primary investment provider," "to put hundreds of its proprietary investment funds in the Plan" and "to collect unreasonable and excessive fees, all at the expense of participants' retirement savings." (Docket Entry # 98, p. 2, ¶ 3). The second amended complaint sets out causes of action for breach of fiduciary duties: (1) under 29 U.S.C. § 1104(a)(1)(B) for unreasonable investment management fees and performance losses (Count I); (2) under 29 U.S.C. § 1104(a)(1)(B) for unreasonable administrative fees (Count II); (3) under 29 U.S.C. § 1106 for prohibited transactions between the Plan and a party in interest (Count III); and (4) for failure to monitor adequately those to whom it delegated fiduciary responsibilities (Count IV). (Docket Entry # 98, pp. 113-123, ¶¶ 164-200). The second amended complaint also demands a trial by jury pursuant to Fed. R. Civ. P. 38. (Docket Entry # 98, p. 123, ¶ 201).

Defendants move to strike the jury demand on the basis that claims against fiduciaries for alleged breaches of fiduciary duties imposed by ERISA do not confer the right to a jury trial. (Docket Entry ## 138, 139). Plaintiffs oppose the motion. (Docket Entry # 142). On October 25, 2018, this court held a hearing and took the motion to strike the jury demand (Docket Entry # 138) under advisement.

## DISCUSSION

Defendants submit that the ERISA claims and the remedies sought are equitable and not legal in nature and thus carry no right to a jury trial. (Docket Entry # 139). Plaintiffs respond that when an ERISA plaintiff seeks to recover compensatory damages, the plaintiff is seeking a legal remedy, not an equitable remedy. (Docket Entry # 142).

Section 502(a)(2), 29 U.S.C. § 1132(a)(2), the second of ERISA's "six carefully integrated civil enforcement provisions," Mass. Mut. Life Ins. Co. v. Russell, 473 U.S. 134, 146 (1985), allows the Secretary of Labor or any plan beneficiary, participant, or fiduciary to bring a civil action "'for appropriate relief under section [409].'" Mertens v. Hewitt Assocs., 508 U.S. 248, 252-53 (1993). The Seventh Amendment establishes the right to a jury trial "'[i]n [s]uits at common law,'" U.S.Const.amend.VII, or those "'suits in which *legal* rights [are] to be ascertained and determined, in contradistinction to those where equitable rights alone [are] recognized, and equitable remedies [are] administered.'" Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry, 494 U.S. 558, 564-565 (1990) (internal citation omitted). ERISA does not expressly permit or deny that claims brought for breach of fiduciary duty outlined in section 404(a), 29 U.S.C. § 1104(a), be tried by a jury. Gammell v. Prudential Ins. Co. of Am., 502 F. Supp. 2d 167, 172 (D. Mass. 2007) (stating ERISA

4

does not expressly provide for a jury trial).  When a statute is silent on a matter, as ERISA is on the right to a trial by jury, the court initially looks to the statute and its legislative history to determine legislative intent.  See Tull v. United States, 481 U.S. 412, 417 n.3 (1987).

The great weight of authority holds that no right to trial by jury applies to actions for breach of fiduciary duty under ERISA.  See, e.g., O'Hara v. Nat'l Union Fire Ins. Co. of Pittsburgh, 642 F.3d 110, 116 (2nd Cir. 2011) (finding "no right to a jury trial in a suit brought to recover ERISA benefits"); Graham v. Hartford Life & Accident Ins. Co., 589 F.3d 1345, 1356-57 (10th Cir. 2009) (rejecting argument that actions by beneficiaries for money obligations are legal in nature and denying jury demand); Reese v. CNH America LLC, 574 F.3d 315, 327 (6th Cir. 2009) (finding no Seventh Amendment right to jury trial under ERISA); Rolland v. Textron, Inc., 300 F.App'x 635, 636 (11th Cir. 2008) (finding district court did not err in denying jury trial because "ERISA claims are not entitled to jury trials under ERISA because such claims are equitable in nature") (unpublished); Hampers v. W.R. Grace & Co., Inc., 202 F.3d 44, 53-54 (1st Cir. 2000) (holding district court did not err in denying jury trial where state contract law preempted by ERISA); Thomas v. Oregon Fruit Products Co., 228 F.3d 991, 996 (9th Cir. 2000) (holding "plan participants and beneficiaries

5

are not entitled to jury trials for claims brought under, or preempted by, section 502 of ERISA"); Borst v. Chevron Corp., 36 F.3d 1308, 1324 (5th Cir. 1994) (no right to jury under ERISA even where plaintiff only seeks monetary relief); Biggers v. Wittek Indus., Inc., 4 F.3d 291, 298 (4th Cir. 1993) (affirming no right to jury under ERISA). Likewise, a majority of the district courts within this circuit have held no jury trial right exists for claims alleging breach of fiduciary duties under ERISA. See, e.g., Gammell v. Prudential Ins. Co. of Am., 502 F. Supp. 2d at 172 (D. Mass. 2007) (rejecting claim for jury trial and citing cases); Turner v. Fallon Cmty. Health Plan Inc., 953 F. Supp. 419, 422-23 (D. Mass. 1997) (jury trial not available in ERISA action to recover benefits); Stanford v. AT&T Corp., 927 F. Supp. 524, 527 (D. Mass. 1996) (no right to jury under ERISA because relief sought was equitable); Vartanian v. Monsanto Co., 880 F. Supp. 63, 72 (D. Mass. 1995) (no right to jury in action to recover pension benefits under ERISA); Charlton Mem'l Hosp. v. Foxboro Co., 818 F. Supp. 456, 459-60 (D. Mass. 1993) (no right to jury under ERISA).

"To determine whether a statutory action is more similar to cases that were tried in courts of law than to suits tried in courts of equity or admiralty, the Court must examine both the nature of the action and of the remedy sought." Tull v. United States, 481 U.S. at 417; Chauffeurs, Teamsters and Helpers,

Local No. 391 v. Terry, 494 U.S. at 565 (establishing the right to a jury trial involves a bifurcated analysis). The second inquiry regarding the nature of the relief sought weighs more heavily than the first in the calculus. Id. at 565. Where the nature of the rights and remedies sought is legal rather than equitable in nature, the Seventh Amendment grants the right to a jury trial. Id. at 564 (citation omitted).

Plaintiffs contend that because they seek to hold defendants personally liable "to make good to the Plan all losses resulting from each breach of fiduciary duty" as allowed by section 409(a), the nature of their claim is legal rather than equitable. (Docket Entry # 98, p. 3, ¶ 4). Merely because a plaintiff seeks a monetary remedy, however, does not require that the action be viewed as legal rather than equitable in nature. Curtis v. Loether, 415 U.S. 189, 196-97 (1974). Based on ERISA's trust law roots, plan fiduciaries under ERISA have been treated as trustees and the plans as trusts. CIGNA Corp. v. Amara, 563 U.S. 421, 439 (2011). "[I]t is *only* by virtue of [MIT]'s status as an ERISA employer with direct control over the administration and operation of the [Plan] that [MIT] could have breached the [Plan] in the way [plaintiffs] insists that it did." Hampers v. W.R. Grace & Co., Inc., 202 F.3d at 53 (emphasis in original). Thus, a case involving a suit by a plan beneficiary against a plan fiduciary is a case involving a suit

7

against a trustee typically only heard in a court of equity. CIGNA Corp. v. Amara, 563 U.S. at 439-440; see also Mertens v. Hewitt Assocs., 508 U.S. at 256 (stating at common law courts of equity had exclusive jurisdiction over actions for breach of trust brought by beneficiaries). The cases on which plaintiffs rely are distinguishable because they are analogous to an action for breach of contract not breach of fiduciary duty. See Callery v. United States Life Ins. Co. in the City of New York, 392 F.3d 401, 404 (10th Cir. 2004) (noting in both Mertens and Great-West[1] the Supreme Court rejected claims for equitable relief under section 502(a)(3) where relief sought by plaintiffs to impose personal liability for a contractual obligation to pay money was legal rather than equitable). In Mertens, plan participants sought to hold the plan's actuary liable as a nonfiduciary for knowingly participating in the plan's fiduciaries' breach of their fiduciary duties. Mertens v. Hewitt Assocs., 508 U.S. at 251. Both Great-West and Montanile,[2] involved claims brought against plan beneficiaries for reimbursement for the plans' payment of medical expenses when participants later recovered money from a third party for the same. The claims against which plaintiffs sought to hold

---

[1] Great-West Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204, 216 (2002).
[2] Montanile v. Bd. of Trs. of the Nat'l Elevator Indus. Health Benefit Plan, 136 S. Ct. 651, 657-61 (2016).

defendants liable in the above cited cases are legal claims based on contractual rights of subrogation not as fiduciaries entrusted to act for the interest of participants. See Great-West, 534 U.S. at 211-216 (holding claim against plan beneficiary for specific performance of reimbursement provision of ERISA to repay funds recovered from third-party tortfeasor was for contractual obligation to pay money); Montanile, 136 S. Ct. at 657-61 (same).

Plaintiffs rely on a recent district court decision in the Second Circuit, Cunningham v. Cornell Univ., 2018 WL 4279466 (S.D.N.Y. Sept. 6, 2018), for the proposition that a make-whole remedy is not equitable when the action seeks to hold defendants personally liable and the funds are not particular funds or property belonging to plaintiffs in good conscious and in defendants' possession. See also Great-West, 534 U.S. at 214. Yet, when a trustee commits an intentional breach or falls below the required standard of care, it is equity that seeks to place the beneficiary at least in the position that it would have been in had there not been a breach of trust. See CIGNA Corp. v. Amara, 563 U.S. at 442 (distinguishing that claims brought against fiduciaries "insofar as an award of make-whole relief is concerned, the fact that the defendant in this case, unlike the defendant in *Mertens*, is analogous to a trustee makes a critical difference"). In the trust context what is being made whole is

9

the beneficiary's equitable property interest in the trust estate.  See LaRue v. DeWolff, Boberg & Assocs., Inc., 552 U.S. 248, 253 n.4, 254 (2008) (holding claims for lost profits to the entire plan are cognizable under section 502(a)(2) based on the law of trust); Donovan v. Bierwirth, 754 F.2d 1049, 1056 (2d Cir. 1985) ("[o]ne appropriate remedy in cases of breach of fiduciary duty is the restoration of the trust beneficiaries to the position they would have occupied but for the breach of trust") (citation omitted).

In following with the line of cases of courts in this district, claims under ERISA for recovery of benefits allegedly due and for breach of fiduciary duties are analogous not to legal actions for breach of contract but to actions by a beneficiary against a trustee under the law of trusts.  See Gammell v. Prudential Ins. Co. of Am., 502 F. Supp. 2d at 172; Turner v. Fallon Cmty. Health Plan Inc., 953 F. Supp. at 422-23; Stanford v. AT&T Corp., 927 F. Supp. at 527; Vartanian v. Monsanto Co., 880 F. Supp. at 72; Charlton Memorial Hosp. v. Foxboro Co., 818 F. Supp. at 459-60.  In accord with the great weight of authority in the federal courts holding actions under ERISA to remedy alleged violations of fiduciary duties are equitable in nature, there is no right to a jury trial under the Seventh Amendment in this action.

CONCLUSION

In accordance with the foregoing discussion, MIT's motion to strike (Docket Entry # 138) is **ALLOWED**.

      /s/ Marianne B. Bowler
**MARIANNE B. BOWLER**
United States Magistrate Judge