United States District Court
District of Massachusetts

| | |
|---|---|
| DAVID TRACEY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> MASSACHUSETTS INSTITUTE OF TECHNOLOGY, et al., <br><br> Defendants. | Civil Action No. 16-11620-NMG |

MEMORANDUM & ORDER

GORTON, J.

Plaintiffs David B. Tracey, Daniel Guenther, Maria T. Nicholson and Corrinne R. Fogg, individually and as representatives of a class of participants and beneficiaries ("plaintiffs") on behalf of the Massachusetts Institute of Technology Supplemental 401(k) Plan ("the Plan"), filed a complaint alleging breach of fiduciary duty by Massachusetts Institute of Technology ("MIT") and related parties (collectively "defendants") with respect to the supervision of MIT's employee-sponsored defined contribution plan under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1101-1461.

Defendants filed a motion to strike plaintiffs' demand for a jury trial and in February, 2019, Magistrate Judge Marianne Bowler allowed defendants' motion to strike (Docket No. 187).

Pending before this Court is plaintiffs' objections to the Magistrate Judge's order to strike plaintiffs' demand for a jury trial. For the reasons set forth below, the decision of the Magistrate Judge to strike plaintiffs' jury demand is affirmed.

## I. Legal Analysis

### A. Standard of Review

Under Fed. R. Civ. P. 72, a district judge may, given a timely appeal, set aside the order of a magistrate judge on a nondispostive motion if it is "clearly erroneous or is contrary to law". Fed. R. Civ. P. 72(a)). Under the "contrary to law" prong, the district court reviews pure questions of law de novo. PowerShare, Inc. v. Syntel, Inc., 597 F.3d 10, 15 (1st Cir. 2010).

### B. Discussion

The Seventh Amendment to the United States Constitution guarantees a right to a jury trial in suits at common law. U.S. Const. amend. VII; Fed. R. Civ. P. 38(a). Suits at common law refer to suits in which legal rights are ascertained, as opposed to suits in which equitable rights and remedies are at issue. Chauffers, Teamsters & Helpers, Local No. 391 v. Terry, 494 U.S.

558, 564 (1990). To determine whether a claim is legal or equitable in nature, courts engage in a two-prong inquiry based on the nature of the issue and the remedy sought, wherein the latter carries more weight. Id. at 565.

Plaintiffs aver that their claim is legal in nature because they are not seeking recovery of a specifically identifiable fund but instead seek recovery from defendants' general assets. Defendants respond that courts typically construe an ERISA claim as primarily based on the law of trusts which is equitable in nature. This Court agrees with defendants that in a suit such as this one, in which a beneficiary brings a claim against a plan fiduciary, ERISA typically treats the fiduciary as a trustee and the plan as a trust. CIGNA Corp. v. Amara, 563 U.S. 421, 439 (2011). That means the appropriate jurisdiction is a court of equity, not a court of law. Id.

Turning to the second prong of the inquiry (remedy sought), plaintiffs claim they seek damages (in addition to other equitable forms of relief) in an amount that would restore the Plan to a position it would have occupied but for the breaches of fiduciary duty. Plaintiffs argue that because they are seeking to impose personal liability on the defendants who do not possess the particular funds sought, they are seeking monetary recovery from defendants' general assets, thus rendering their relief legal, not equitable.

Plaintiffs further assert that the Magistrate Judge erred because she reviewed case law pertaining to 29 U.S.C. § 1132(a)(1)(B) (ERISA § 502(a)(1)(B)), not subsection (a)(2) of that statute which is actually at issue. They further argue that the Magistrate Judge's reliance on dicta in Amara was incorrect because the Supreme Court in Mertens v. Hewitt Assocs., 508 U.S. 248 (1993) did not rely on a distinction between fiduciaries and non-fiduciaries in determining that the subject monetary relief was, in fact, legal in nature. Finally, plaintiffs submit that because the monetary award they seek is not incidental or intertwined with the requested injunctive relief, it would be appropriate for the Court to bifurcate the issues, reserving the equitable claims for itself.

Defendants respond that the decision in Amara makes clear that an award of "make-whole relief" is equitable when sought against an ERISA fiduciary. They offer three more persuasive arguments, to wit: 1) that courts have relied on Amara to conclude that fiduciary duty claims for monetary, make-whole relief under ERISA § 502(a)(2) do not implicate the Seventh Amendment's jury guarantee, 2) that plaintiffs' attempt to distinguish Amara by emphasizing Mertens, Great-W. Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204 (2002) and Montanile v. Bd. of Trustees of Nat. Elevator Indus. Health Benefit Plan, 136 S. Ct. 651 (2016) is misplaced because those cases involved

non-fiduciaries and 3) that the decision in Cunningham v. Cornell Univ., No. 16-CV-6525 (PKC), 2018 WL 4279466 (S.D.N.Y. Sept. 6, 2018) is not controlling because this Court is not bound by Second Circuit law and other courts with factually similar cases have struck analogous jury demands.

Plaintiffs contend, in essence, that by seeking monetary relief for funds that are not in defendants' possession, their remedy must be legal in nature. That argument has been rejected by several courts nationwide. See, e.g., Geneva Henderson, et al., v. Emory University, et al., No. 1:16-02920-CAP, Doc. No. 127 (N.D. Ga. Feb. 28, 2018) (allowing defendants' motion to strike plaintiffs' jury demand under Amara); Pledger v. Reliance Trust Co., No. 1:15-CV-4444-MHC, Doc. No. 100 (N.D. Ga. Nov. 7, 2017) (rejecting plaintiffs' reliance on Great-West and Montanile and allowing defendants' motion to strike a jury demand in an ERISA § 502(a)(2) action); Gernandt v. SandRidge Energy Inc., No. CIV-15-1001-D, 2017 WL 3219490, at *12 (W.D. Okla. July 28, 2017) (distinguishing Montanile and finding no right to a jury trial in a § 502(a)(2) action); Carver v. Bank of New York Mellon, No. 15-CV-10180 (JPO), 2017 WL 1208598, at *11-12 (S.D.N.Y. Mar. 31, 2017) (distinguishing Great-West and striking jury demand because the plaintiffs' monetary remedy for their ERISA § 502(a)(2) claim was "equitable in nature"); Bell v. Pension Comm. of Ath Holding Co., LLC, No. 1:15-CV-02062-TWP-

MPB, 2016 WL 4088737, at *2 (S.D. Ind. Aug. 1, 2016) (distinguishing Mertens, Great-West and Montanile with respect to ERISA § 502(a)(2)); Perez v. Silva, 185 F. Supp. 3d 698, 703-05 (D. Md. 2016)(finding that plaintiff's "reliance on Great-West is misplaced for several reasons" and holding that the plaintiff was not entitled to a jury for its § 502(a)(2) claim "because the proposed remedies are equitable in nature").

The Court finds that in this case defendants have the more compelling argument. To be sure, Mertens, Great-West and Montanile generally hold that, in certain circumstances not present here, monetary relief may constitute a legal remedy even if the claim lies in equity. In Mertens, the plaintiff sought compensatory damages, not from a fiduciary under ERISA § 502(a)(2), but from a non-fiduciary under ERISA § 502(a)(3). 508 U.S. at 253-56. The plaintiff in Great-West similarly asserted a claim under ERISA § 502(a)(3), when it sought to enforce a contractual reimbursement provision against a beneficiary by characterizing the relief as equitable restitution. 534 U.S. at 208. Finally, in Montanile, the plaintiff sought to recover from a plan beneficiary under ERISA § 502(a)(3) based on the plan's subrogation clause. 135 S. Ct. at 655.

None of those Supreme Court cases, however, addresses the ultimate question of whether an ERISA plaintiff has a right to a jury trial under the Seventh Amendment. Rather, those cases

involve claims against a non-fiduciary pursuant to ERISA § 502(a)(3), not claims against a fiduciary under § 502(a)(2). That distinction is critical because even if this Court were to apply Great-West and Montanile with respect to § 502(a)(2), those cases are distinguishable on the basis that the subject plaintiffs were effectively seeking restitution from the plan beneficiary based on a contractual obligation.  For example, in Great-West the Court noted that the funds at issue were not in defendant's possession and emphasized that

> [t]he basis for petitioners' claim is not that respondents hold particular funds that, in good conscience, belong to petitioners, but that petitioners are contractually entitled to some funds for benefits that they conferred.

534 U.S. at 214.  The Court's emphasis on the "contractual obligation to pay money" negates the applicability of Great-West to this case where no similar contractual obligation exists. Id. at 221.  Montanile does not offer a different result.  There, the Court held that once the settlement funds were dissipated, the plaintiff could no longer seek an equitable lien because it was asserting "a personal claim against the wrongdoer" by seeking recovery under a subrogation clause against the defendant's general assets. Montanile, 136 S.Ct. at 659 (internal citations and quotations omitted).

Moreover, it is worth noting that the Supreme Court did in fact address an ERISA claim against a fiduciary (albeit with

respect to ERISA § 502(a)(3)), similar to plaintiffs' claims here, noting that

> the fact that [ERISA] relief takes the form of a money payment does not remove it from the category of traditionally equitable relief. Equity courts possessed the power to provide relief in the form of monetary "compensation" for a loss resulting from a trustee's breach of duty, or to prevent the trustee's unjust enrichment.

Amara, 563 U.S. at 441. Thus, because plaintiffs' breach of fiduciary claim pursuant to § 502(a)(2) is a form of monetary relief against a fiduciary similar to that of a loss resulting from the trustee's breach of duty, as articulated in Amara, the Court agrees with the Magistrate Judge and defendants that Amara controls this action.

Finally, with respect to the decision in Cunningham, the Court agrees that plaintiffs' reliance on that decision is inapt. In Cunningham, the district court was constrained by the Second Circuit's interpretation of Great-West under Pereira v. Farace, 413 F.3d 330 (2d Cir. 2005), where the Second Circuit broadly read Great-West to hold that a defendant must possess the funds at issue for the remedy of equitable restitution to lie. 413 F.3d 340. But even under that interpretation, the Cunningham court noted that the Pereira court may have "over-read" Great-West in applying its dictum and thus it felt constrained to follow it. Cunningham, No. 16-CV-6525 (PKC), 2018 WL 4279466, at *4 (S.D.N.Y. Sept. 6, 2018). This Court is not

similarly constrained and chooses to follow numerous other district courts that have allowed defendants' motions to strike the jury demand. See <u>Divane</u> v. <u>Northwestern Univ.</u>, 2018 WL 1942649, at *2-3 (N.D. Ill. Apr. 25, 2018); <u>Clark</u> v. <u>Duke Univ.</u>, No. 16-cv-1044, ECF No. 107 at 1-2 (M.D.N.C. June 11, 2018); <u>Henderson</u> v. <u>Emory Univ.</u>, No. 1:16-cv-02920-CAP, ECF No. 127 at 14 (N.D. Ga. Feb. 28, 2018).

### ORDER

For the foregoing reasons, the order of Magistrate Judge Bowler with respect to defendants' motion to strike the jury demand (Docket No. 187) is **AFFIRMED**.

**So ordered.**

                                                  _____
                                                  Nathaniel M. Gorton
                                                  United States District Judge

Dated August 8, 2019