United States District Court
District of Massachusetts

|  |  |
|---|---|
| DAVID TRACEY, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 16-11620-NMG |
| MASSACHUSETTS INSTITUTE OF ) | |
| TECHNOLOGY, et al., ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM & ORDER

GORTON, J.

This class action involves an alleged breach of fiduciary duty by Massachusetts Institute of Technology and related parties ("MIT" or "defendants") with respect to the supervision of MIT's employee-sponsored defined contribution plan under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1109. Plaintiffs are four current or former employees of MIT who participated in the subject retirement plan from August, 2010, to the date of judgment. The underlying claims, brought by the four named plaintiffs individually and on behalf of a class of similarly situated individuals, are for alleged excessive recordkeeping fees and imprudent investment lineups. The facts of this case are discussed in depth in this Court's Memorandum and Order allowing plaintiffs' motion to certify the class (Docket No. 157).

- 1 -

In October, 2017, this Court entered a Memorandum and Order accepting the Magistrate Judge's Report and Recommendation to dismiss plaintiffs' claim for breach of the duty of loyalty, among other things. In May, 2019, more than a year after the deadline for filing amendments or supplements to the pleadings and less than two months before the deadline for filing of motions for summary judgment, plaintiffs filed a motion for leave to file a third amended complaint seeking to reassert the previously dismissed duty of loyalty claim. They contend that good cause exists for this late amendment because the information necessary to assert such a claim was in the sole possession of the defendants and was not made available until fact discovery was completed in March, 2019. Defendants respond that most (if not all) of the documents and depositions plaintiffs rely on in support of their theory for the duty of loyalty claim were available to them by the end of November, 2018, but plaintiffs nevertheless waited four more months before seeking leave to file a third amended complaint.[1]

The "good cause" standard of Fed. R. Civ. P. 16(b) applies to motions to amend that are filed after scheduling order deadlines. O'Connell v. Hyatt Hotels of P.R., 357 F.3d 152, 154-

---

[1] Although the motion for leave to file a third amended complaint was formally filed in late May, 2019, the parties have agreed to treat the motion as having been filed in March, 2019, because of a stay of pretrial deadlines issued by the Court that same month.

55 (1st Cir. 2004). The standard under Rule 16(b) has been described as more stringent than the more liberal "freely given" standard of Fed. R. Civ. P. 15(a). See id. at 154; see also Steir v. Girl Scouts of the USA, 383 F.3d 7, 12 (1st Cir. 2004). The Rule 16(b) standard focuses on the diligence of the party seeking the amendment. O'Connell, 357 F.3d at 155 ("Prejudice to the opposing party remains relevant but is not the dominant criterion."); see also Steir, 383 F.3d at 12 ("[T]he longer a plaintiff delays, the more likely the motion to amend will be denied, as protracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend." (citing Acosta-Mestre v. Hilton Int'l of P.R., Inc., 156 F.3d 49, 52-53 (1st Cir. 1998))).

Plaintiffs were apparently in possession of most of the documents and deposition testimony needed for their duty of loyalty claim before the end of November, 2018. Nevertheless, plaintiffs waited several more months before filing their motion to amend. Although plaintiffs did not take the deposition of Michael Howard until March, 2019, they were aware of enough colorable evidence to assert their purported claim for breach of the duty of loyalty before that time. Plaintiffs have not, therefore, demonstrated good cause for their failure to seek

diligently an amendment to their complaint once they were in possession of the relevant evidence.

Moreover, plaintiffs' attempt to assert a new legal theory at this late juncture (approximately 45 days before the filing of motions for summary judgment) is unduly prejudicial to defendants who would be required to rebut an additional legal theory without the opportunity to develop additional facts in their defense. Even if the duty of loyalty claim depends solely on facts already discovered, such that no additional discovery is required, it is fundamentally unfair to require defendants to adjust their defense strategy hard upon the deadline for filing of dispositive motions (and now just before trial). See Steir, 383 F.3d at 12-13.

Accordingly, plaintiffs' motion for leave to file a third amended complaint will be denied.

### ORDER

For the foregoing reasons, plaintiffs' motion for leave to file a third amended complaint (Docket No. 193) is **DENIED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated August 8, 2019