UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID B. TRACEY, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> MASSACHUSETTS INSTITUTE OF TECHNOLOGY, *et al.*, <br><br> *Defendants*. | No. 16-cv-11620-NMG |

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION *IN LIMINE*

Plaintiffs move *in limine* that the Court exclude the testimony of Francis Petrangelo. Defendants failed to properly disclose Petrangelo under Federal Rule of Civil Procedure 26(a)(1)(A)(i). Rules 26 and 37 preclude Defendants from offering testimony from a witness not disclosed during discovery. Additionally, Petrangelo's testimony is irrelevant and inadmissible summary testimony under Rule 1006.

### BACKGROUND

Plaintiffs filed their original complaint on August 9, 2016, asserting ERISA claims on behalf of themselves and a proposed class of participants in the MIT Supplemental 401(k) Plan (the "Plan"). Doc. 1. On November 16, 2016, Plaintiffs filed an Amended Complaint as of right. Doc. 32. On December 16, 2016, Defendants moved to dismiss the Amended Complaint. Doc. 38. On September 29, 2017, this Court entered an order adopting in part the report and recommendation of Magistrate Judge Marianne B. Bowler dated August 31, 2017. Doc. 75. The Court subsequently issued a memorandum and order on October 4, 2017. Doc. 79. The case then proceeded to discovery. On March 1, 2018, Plaintiffs filed a Second Amended Complaint. Doc. 98. On October 19, 2018, this Court certified a class of "all MIT employees who participated in the subject retirement plan, excluding defendants, from August 9, 2010, to the date of judgment."

Doc. 157 at 1, 19. The plaintiff class' remaining claims focus on Defendants' process for monitoring the Plan's investment options and Fidelity's compensation for administrative services.[1] Doc. 79 at 3–7, 9–10; Doc. 70 at 33–36, 40–45, 53–54, 57–58. Defendants' failure to monitor hundreds of investments caused the Plan to include numerous designated investment options that were imprudent because: (1) they historically underperformed; (2) they were unnecessarily risky and imprudent sector and regional funds without a plan specific justification for their inclusion; (3) they lacked a sufficient performance history; and (4) the Plan included a duplicative set of target date funds—the Fidelity Freedom Funds—that underperformed and had high fees. Doc. 98 at ¶¶101, 103, 106–7, 126, 141, 170.

On December 20, 2017, the parties exchanged the initial discovery disclosures required by Federal Rule of Civil Procedure 26(a)(1). Defendants only identified "[t]he named plaintiffs," four MIT employees or former employees and one consultant from Mercer as individuals who "may have knowledge of facts that Defendants may use to support their claims and defenses." Ex. 1, Defs.' Initial Disclosures at 2–3. Defendants did not include any employees or agents of Fidelity in their initial disclosures. *Id.* On October 3, 2018, Defendants served Plaintiffs with "supplemental" disclosures and identified two additional MIT employees or former employees who "may have knowledge of facts that Defendants may use to support their claims and defenses." Ex. 2, Defs.' Supp. Disclosures at 2. Again, Defendants did not identify a single individual employed by Fidelity.

---

[1] The testimony that Plaintiffs seek to exclude in this motion relates only the imprudent investment claims, so they do not expand upon the excessive recordkeeping fees and share class claims.

After Defendants' supplemental disclosures, Plaintiffs conducted 13 depositions of fact witnesses, including John Harrington from Fidelity. Rohlf Dec. ¶2. Fact discovery closed on February 15, 2019. Doc. 184. Expert discovery closed on June 30, 2019.[2] Doc. 190.

On July 15, 2019 (two months prior to trial and five months after fact discovery closed), Defendants filed a declaration from a Fidelity executive, Francis Petrangelo. Doc. 211. It was the first time that Petrangelo's name had been uttered in this case. As discussed above, Petrangelo was not included in either of Defendants' Rule 26(a)(1) disclosures. No deponent nor any of the tens of thousands of documents produced in this case ever mentioned Petrangelo.[3] Rohlf Dec. ¶4. Defendants also included Petrangelo as a "will call" on the witness list that they served on Plaintiffs on August 7, 2019. Rohlf Dec. ¶5.

Petrangelo's declaration, and presumably his testimony that Defendants intend to offer at trial, related to: (1) differences between Fidelity's "FundsNet" platform, referred to by MIT as the "Investment Window," and "BrokerageLink"; Doc. 211 ¶¶3–6; and (2) the prevalence of the Fidelity Freedom Funds among Fidelity clients. *Id.* ¶7. Defendants have long been aware that both the "Investment Window" and Fidelity Freedom Funds were at issue in this case. The Complaint, filed August 8, 2016, discussed Plaintiffs' allegations regarding the Fidelity Freedom Funds. Doc. 1 ¶92. The August 2016 Complaint also discussed at length the failures of the Plan's investment structure including the "Investment Window". *Id.* ¶¶40–57, 63–65. In short, Defendants have been aware of the issues that Petrangelo will testify regarding since the day Plaintiffs filed this case, and there is no excuse for his late disclosures on the eve of trial.

---

[2] Plaintiffs took depositions of Defendants' experts by agreement of the parties on July 1, 2019 and July 2, 2019. Rohlf Dec. ¶3.

[3] Plaintiffs did not move to strike Petrangelo's declaration as part of their Opposition to Defendants' Motion for Summary Judgment because the statements in his affidavit were not material to Defendants' motion and offer only evidence relevant to objective prudence, an element that Defendants bear the burden of proving and did not move for summary judgment regarding. *See* Doc. 223 at 18–19; Doc. 224 ¶¶24–26, 83. Regardless, Defendants filed his declaration long after the close of discovery prejudicing Plaintiffs.

The parties met and conferred on Petrangelo's testimony on August 15, 2019. Defendants' position was that Plaintiffs' disclosure that they would rely upon witnesses from Fidelity entitled Defendants to call any witness from Fidelity they chose. Certainly, Plaintiffs' disclosure that they would rely upon Fidelity witnesses identified in document discovery does not give Defendants *carte blanche* to name any employee of Fidelity as a witness.

## ARGUMENT

The Court must preclude Defendants from offering Petrangelo because they failed to identify him as a potential witness prior to summary judgment. Rule 26(a)(1)(A)(i) requires a party to disclose "the name . . . of each individual likely to have discoverable information— along with the subjects of that information—that the disclosing party may use to support its claims or defenses." *Harriman v. Hancock Cty.*, 627 F.3d 22, 29 (1st Cir. 2010)(quoting Fed. R. Civ. P. 26(a)(1)(A)(i)). "That obligation is a continuing one." *Id.* "The purpose of Rule 26(e) is to prevent the 'sandbagging' of a party with new evidence at trial or on a motion." *Lujan v. Cabana Management, Inc.*, 284 F.R.D. 50, 68 (E.D.N.Y. 2012)(quoting *Ebewo v. Martinez*, 309 F. Supp. 2d 600, 607 (S.D.N.Y. 2004)). A party may not disclose a witness for the first time at summary judgment. *Harriman*, 627 F.3d at 31; *CQ Int'l Co. v. Rochem Int'l, Inc., USA*, No. 08-10142-NG, 2010 WL 2292162, at *14 (D. Mass. June 7, 2010), *aff'd*, 659 F.3d 53 (1st Cir. 2011). *Tussey v. ABB, Inc.*, a similar 401(k) excessive fee case, excluded multiple Fidelity executives that MIT's counsel in this case (representing Fidelity in *Tussey*) disclosed a few months prior to trial. *See Tussey v. ABB, Inc.*, No.06-04305-NKL (W.D. Mo.), Jan. 20, 2010, Tr. of Trial (Doc. 568) at 2471:1-14; *Id.*, Jan. 22, 2010, Tr. of Trial (Doc. 570) at 2743:1-4.

Rule 37 provides "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to

supply evidence on a motion, at a hearing or at trial, unless the failure was substantially justified or is harmless." "[A]lthough sanctions can vary depending on the circumstances, '[t]he baseline rule is that 'the required sanction in the ordinary case is mandatory preclusion.''" *Harriman*, 627 F.3d at 29 (quoting *Santiago–Diaz v. Laboratorio Clinico Y De Referencia Del Este,* 456 F.3d 272, 276 (1st Cir. 2006)(quoting *Lohnes v. Level 3 Commc'ns, Inc.,* 272 F.3d 49, 60 (1st Cir. 2001))). The factors considered to determine the appropriate sanctions "include [(1)] the sanctioned party's justification for the late disclosure; [(2)] the opponent-party's ability to overcome its adverse effects (*i.e.,* harmlessness); [(3)] the history of the litigation; [(4)] the late disclosure's impact on the district court's docket; and [(5)] the sanctioned party's need for the precluded evidence." *Harriman*, 627 F.3d at 29.

The Defendants did not include Petrangelo or any other Fidelity personnel on their Rule 26(a) disclosures. *See supra* at 2. Petrangelo is not mentioned in a single document or deposition in this case. *Id.* at 3. Rather, the Defendants' first mention of Petrangelo was an affidavit in support of their summary judgment motion months after fact discovery closed. Doc. 211. Defendants provide no justification for failing to disclose Petrangelo until summary judgment and long after the close of fact discovery. Because fact discovery was closed and Defendants disclosed Petrangelo two months prior to trial, Plaintiffs did not have the opportunity to depose Petrangelo, so the violation cannot be harmless. *Harriman*, 627 F.3d at 31. Precluding Petrangelo's use at trial is the only sanction that will not require a continuance of the September 16 trial. Finally, if Petrangelo's testimony is consistent with his affidavit, it is of limited import. For all these reasons, there is no justification to deviate from the "baseline rule" of exclusion, and the Court should preclude Defendants from offering Petrangelo's testimony at trial. *Id.* at 29.

Additionally, the Court should exclude Petrangelo's testimony regarding the Fidelity Freedom Funds because it is not relevant under Federal Rule of Evidence 401 and is improper summary testimony under Federal Rule of Evidence 1006. First, the number of "large plans" that include the Fidelity Freedom Funds is not relevant to this case, because it is not probative to the prudence of the Fidelity Freedom Funds in the Plan. Without information regarding the fiduciary process, it is impossible to determine whether the more than "30 defined contribution plans" offering the Freedom Funds offered them because they were a prudent investment option for participants or whether they were included for an impermissible reason. *See* Ex. 3 Wermers Dep. 69:9-14 ("Q Sure. So does a prevalence of let's say 20 other large plans possessing a fund indicate that that fund was necessarily reasonable for 401(k) plans? A No. None of these -- Exhibit 8A doesn't say that it's necessarily reasonable . . ."). For example, *Tussey* found that the fiduciaries of the plan at issue included Fidelity Freedom Funds not because they were a prudent investment options but to increase revenues to Fidelity. *See Tussey v. ABB Inc.*, No. 06-04305-NKL, 2015 WL 4159983, at *6–11 (W.D. Mo. July 9, 2015), *vacated and remanded on other grounds*, 850 F.3d 951 (8th Cir. 2017).

Presumably, Petrangelo does not have personal knowledge of the number of 401(k) plans holding each of Fidelity's hundreds of mutual fund options and had to consult Fidelity records for his summary chart of the number of plans containing the Fidelity Freedom Funds. Rule 1006 governs the admission of summary charts or testimony based on voluminous evidence. Fed. R. Evid. 1006; *United States v. Casas*, 356 F.3d 104, 119–20 (1st Cir.), *order clarified sub nom. United States v. Cunningham*, 359 F.3d 627 (1st Cir. 2004)(applying Rule 1006 to testimony summarizing evidence); *United States v. Appolon*, 715 F.3d 362, 374–75 (1st Cir. 2013)(same). However, as a prerequisite to admissibility of summary testimony under Rule 1006, "the

6

underlying documents must be made available to the other parties." *United States v. Milkiewicz*, 470 F.3d 390, 396 (1st Cir. 2006). Here, Defendants never produced to Plaintiffs the Fidelity records that Petrangelo relied upon to derive the number of "large plans" that include the Fidelity Freedoms Funds, so summary testimony regarding those records is inadmissible.

## CONCLUSION

For these reasons, the Court should grant Plaintiffs' motion *in limine* and exclude Petrangelo's testimony.

| | |
|---|---|
| August 19, 2019 | /s/ Joel D. Rohlf |
| | SCHLICHTER BOGARD & DENTON LLP |
| | Jerome J. Schlichter (admitted *pro hac vice*) |
| | Heather Lea (admitted *pro hac vice*) |
| | Joel D. Rohlf (admitted *pro hac vice*) |
| | Scott T. Apking (admitted *pro hac vice*) |
| | 100 South Fourth Street, Suite 1200 |
| | St. Louis, MO, 63102 |
| | (314) 621-6115 |
| | (314) 621-5934 (fax) |
| | jschlichter@uselaws.com |
| | hlea@uselaws.com |
| | jrohlf@uselaws.com |
| | sapking@uselaws.com |
| | *Lead Counsel for Plaintiffs* |
| | |
| | Michael M. Mulder (admitted *pro hac vice*) |
| | Elena N. Liveris (admitted *pro hac vice*) |
| | LAW OFFICES OF MICHAEL M. MULDER |
| | 1603 Orrington Avenue, Suite 600 |
| | Evanston, Illinois 60201 |
| | (312) 263-0272 |
| | (847) 563-2301 (fax) |
| | mmmulder@mmulderlaw.com |
| | eliveris@mmulderlaw.com |
| | *Counsel for Plaintiffs* |
| | |
| | Stephen Churchill, BBO#564158 |
| | FAIR WORK, P.C. |
| | 192 South Street, Suite 450 |
| | Boston, MA 02111 |
| | (617) 607-3260 |
| | (617) 488-2261 (fax) |
| | steve@fairworklaw.com |
| | *Local Counsel for Plaintiffs* |

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on August 19, 2019.

/s/ Joel D. Rohlf