UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID B. TRACEY *et al.*,<br><br>      *Plaintiffs*,<br><br>v.<br><br>MASSACHUSETTS INSTITUTE OF TECHNOLOGY *et al.*,<br><br>      *Defendants*. | No. 1:16-cv-11620-NMG |

**PLAINTIFFS' UNOPPOSED
MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT**

In accordance with Rule 23(e) of the Federal Rules of Civil Procedure, Plaintiffs respectfully request preliminary approval of a Class Action Settlement. Defendants do not oppose this motion.

On August 9, 2016, Plaintiffs brought this action alleging that Defendants breached their fiduciary duties under the Employee Retirement Income Security Act of 1974 ("ERISA") by causing the Massachusetts Institute of Technology Supplemental 401(k) Plan ("Plan") to pay unreasonable recordkeeping and administrative fees and maintaining high-cost and underperforming investment options. Doc. 1. Defendants disputes these allegations and deny liability for any alleged fiduciary breach.

After three years of litigation, adversarial discovery and motion practice, and over four months of arm's length negotiations, on October 28, 2019, the parties entered into a Settlement Agreement. *See* **Exhibit A** (Settlement Agreement attached hereto).

Under the terms of the Settlement Agreement, the Settlement Class is defined as:

> All persons who participated in the Plan at any time during the Class Period, including any Beneficiary of a deceased person who participated in the Plan at any time during the Class Period, and/or Alternate Payee, in the case of a person subject to a Qualified Domestic Relations Order who participated in the Plan at any time during the Class Period.

The Class Period is from August 9, 2010 through the date of preliminary approval.

The settlement is fundamentally fair, adequate and reasonable in light of the circumstances of this case and preliminary approval of the settlement is in the best interests of the class members. In return for a release of the class representatives' and class members' claims, Defendants have agreed to pay a sum of $18,100,000 into a Gross Settlement Fund. Defendants have further agreed to certain non-monetary terms under Article 10, which adds further value to the settlement on behalf of class members.

At the preliminary approval stage, the Court is only required to make a "preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms." *Hochstadt v. Boston Sci. Corp.,* 708 F. Supp. 2d 95, 107 1 (D. Mass. 2010) (internal quotations omitted). The settlement reached between the parties here more than satisfies this standard given the complex nature of the case and the results obtained for the Settlement Class. Preliminary approval will not foreclose interested persons from objecting to the settlement and thereby presenting dissenting viewpoints to the Court.

In support of preliminary approval, Plaintiffs submit a memorandum in support of this Motion and the Declaration of Plaintiffs' counsel, Jerome J. Schlichter.

Plaintiffs respectfully request:

- That the Court enter an Order granting its preliminary approval of the Settlement Agreement;
- That the Court order any interested party to file any objections to the Settlement within the time limit set by the Court, with supporting documentation, order such objections, if any, to be served on counsel as set forth in the proposed Preliminary Approval Order and Class Notice, and permit the Settling Parties the right to

limited discovery from any objector as provided for in the proposed Preliminary Approval Order;

- That the Court schedule a Fairness Hearing for the purpose of receiving evidence, argument, and any objections relating to the Settlement Agreement. However, given the processing and mailing of Settlement Notices, the objection deadline to the Settlement, the review and approval period of the Independent Fiduciary, among other interim milestones and deadlines, Plaintiffs request that a Fairness Hearing **not be scheduled before March 16, 2020**; and

- That following the Fairness Hearing, the Court enters an Order granting final approval of the Settlement and dismissing the Second Amended Complaint (Doc. 98) with prejudice.

| | |
|---|---|
| October 28, 2019 | /s/ Jerome J. Schlichter<br>SCHLICHTER BOGARD & DENTON LLP<br>Jerome J. Schlichter (admitted *pro hac vice*)<br>Heather Lea (admitted *pro hac vice*)<br>Joel D. Rohlf (admitted *pro hac vice*)<br>Scott T. Apking (admitted *pro hac vice*)<br>100 South Fourth Street, Suite 1200<br>St. Louis, MO, 63102<br>(314) 621-6115<br>(314) 621-5934 (fax)<br>jschlichter@uselaws.com<br>hlea@uselaws.com<br>jrohlf@uselaws.com<br>sapking@uselaws.com<br>*Lead Counsel for Plaintiffs*<br><br>Michael M. Mulder (admitted *pro hac vice*)<br>Elena N. Liveris (admitted *pro hac vice*)<br>Law Offices of Michael M. Mulder<br>1603 Orrington Avenue, Suite 600<br>Evanston, Illinois 60201<br>(312) 263-0272<br>(847) 563-2301 (fax)<br>mmmulder@mmulderlaw.com<br>eliveris@mmulderlaw.com<br>*Counsel for Plaintiffs*<br><br>Stephen Churchill, BBO#564158<br>FAIR WORK, P.C.<br>192 South Street, Suite 450<br>Boston, MA 02111<br>(617) 607-3260<br>(617) 488-2261 (fax)<br>steve@fairworklaw.com<br>*Local Counsel for Plaintiffs* |

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on October 28, 2019.

/s/ Jerome J. Schlichter